IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL C. KELLEY
Reg. #47230-198                                                                                          PLAINTIFF

V.                                          4:10CV00516-WRW

SCOTT BRADLEY                                                                                        DEFENDANT

## ORDER

Plaintiff, a federal inmate, filed a pro se Complaint (docket entry #2) under 42 U.S.C. §1983 and is proceeding *in forma pauperis.* (#3)   For the following reasons, Plaintiff's claims are DISMISSED.

**I.     Discussion:**

   A.     Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  42 U.S.C. § 1983. Although courts must accept the factual allegations in complaint as true, and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), a pro se plaintiff still must assert facts sufficient to state a claim for relief.

In deciding whether a plaintiff has stated a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, *supra*).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

B.   Analysis

Here, Plaintiff alleges that Scott Bradley, the Sheriff of Van Buren County, Arkansas, "deliberately abergated [sic] his sworn duty" in arresting Plaintiff in order to protect a known "drug dealer." (#2 at p.4)  Plaintiff also claims that Defendant Bradley and his "henchmen" terrorized the editor of the local newspaper in order to stop her from printing "unfavorable stories about police corruption and missing public funds," and that Defendant Bradley lied to "State Auditors" about "missing monies from the sheriff's lock-box." (#2 at p.4)  Plaintiff requests injunctive and monetary relief.

Plaintiff has failed to state a constitutional claim under 42 U.S.C. § 1983.  Plaintiff has failed to allege how Defendant Bradley deprived him of any constitutional right, privilege, or immunity.  Although Plaintiff seems to claim that Defendant Bradley arrested him for personal reasons rather than because Plaintiff engaged in any criminal

conduct, his conclusory allegations are insufficient to support a constitutional claim. Further, in order for a § 1983 plaintiff to recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 487.

In addition, Plaintiff's allegations regarding Defendant Bradley's treatment of the local newspaper editor may not be brought by Plaintiff. Plaintiff does not have standing to bring a claim on behalf of another individual. See *Roubideaux v. North Dakota Dept. of Corr. & Rehab.*, 570 F.3d 966, 972 (8th Cir. 2009) (to establish standing, a prisoner must demonstrate that he personally suffered an injury in fact that is fairly traceable to the defendant's conduct). Likewise, Plaintiff does not have standing to assert any claim regarding Defendant Bradley's allegedly untruthful testimony to state authorities about county funds. See *Roubideaux v. North Dakota Dept. Of Corr. & Rehab.*, *supra*. See also *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); and *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009).

## II.     **Conclusion:**

Accordingly, Plaintiff's claim regarding his unconstitutional arrest is DISMISSED without prejudice. Plaintiff's claim regarding Defendant Bradley's treatment of the local newspaper editor and his alleged untruthful testimony regarding county funds are DISMISSED with prejudice. The Court certifies that an appeal of this Order would be frivolous and not taken in good faith. See 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 9th day of June, 2010.

>                                                       /s/Wm. R. Wilson, Jr.
>                                              UNITED STATES DISTRICT JUDGE